Bruce Allen **HATTER**, Appellant,

v.

**IOWA MEN'S REFORMATORY,**
Attorney General, State of
Iowa, Appellees.

No. 90–1902.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1991.

Decided May 1, 1991.

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Mark Meyer, Cedar Rapids, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellees.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

Before ARNOLD and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Bruce Hatter appeals the district court's[1] denial of his petition for habeas corpus relief. 734 F.Supp. 1505. We affirm.

Hatter abducted his victim at knife point, handcuffed her, drove her about five miles to a rural area, and then forced her to perform a sexual act. After the attack, he returned his victim to town and freed her. A state court jury convicted Hatter of first degree kidnapping. As is mandatory under Iowa law, the court sentenced him to life imprisonment without parole. The conviction and sentence were upheld by the Iowa Supreme Court on direct appeal. *State v. Hatter*, 414 N.W.2d 333 (Iowa 1987). Hatter filed a petition in federal district court for habeas corpus relief and challenged his conviction and sentence on constitutional grounds. In a lengthy, comprehensive memorandum opinion, the district court denied relief.

Hatter contends that as applied to the facts in this case, the Iowa kidnapping statute is vague and that his crime of kidnapping was merely incidental to his sexual abuse of his victim. Hatter also argues that his confession should have been suppressed as involuntary. Finally, Hatter contends that the sentence of life imprisonment without parole is disproportionate to his crime and thus violates the eight amendment's prohibition of cruel and unusual punishment.

The Iowa Supreme Court has rejected the argument that the Iowa kidnapping statute is vague because of its failure to more narrowly define the confinement and asportation elements. *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981). We agree with the district court that under the Iowa Supreme Court's interpretation of the Iowa statute, a reasonable person would be put on notice that the acts committed by Hatter

would constitute the separate crimes of kidnapping and rape.

■ Hatter argues that the kidnapping of his victim was merely incidental to his sexual abuse of her, as was the case in *State v. Marr*, 316 N.W.2d 176, 180 (Iowa 1982). We agree with the district court that the facts in Hatter's case are not such that the confinement and removal elements of kidnapping could be considered merely incidental to the commission of sexual abuse. Hatter took his victim five miles to a secluded area, where she could not be heard and the attack would not be seen, before he committed the sexual assault. We agree with the district court that Hatter's conduct went well beyond mere confinement and removal and thus satisfied the requirements of first degree kidnapping as defined by the Iowa statute and interpreted by the Iowa Supreme Court in *Rich*.

We find without merit Hatter's argument that his statements to police were involuntary and should not have been available to impeach him had he taken the stand. We agree with the district court that none of Hatter's constitutional rights were violated by the state court's rulings that his statements would have been admissible for impeachment purposes.

■ Iowa law mandates a strict penalty for kidnapping, a decision of the state legislature that has been upheld by the courts of that state. *See Lamphere v. State*, 348 N.W.2d 212, 220–21 (Iowa 1984); *State v. Nims*, 357 N.W.2d 608, 610–11 (Iowa 1984). Although the sentence is severe, we can not say that it is so disproportionate to the crime as to be unconstitutional. *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

The district court's order denying the petition for writ of habeas corpus is affirmed.